**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | : |
|       Plaintiff, | : Civil Action No. 13-6674 (PGS) |
| v. | : MEMORANDUM |
| ERIC BENNETT, et al., | : |
|       Defendants. | : |

Plaintiff Golda Harris ("Plaintiff"), a prisoner currently confined at Edna Mahon Correctional Facility for Women ("EMCF) in Clinton, New Jersey, seeks to bring this action *in forma pauperis*. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Eric Bennett, Plaintiff's former landlord; Cathy Morgan, Education Supervisor for EMCF; "NJ Dept of Corrections – Division of Operations, State/Prison officials of EMCFW;" Valerie Arthur, Warden of EMCF; William Hauck, former Warden of EMCF; and the Plainfield Housing Authority. The following factual allegations are taken from the complaint and are accepted for

purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that Defendant Bennett, her landlord, "violated NJSA 2A:15-15 et seq./HUD and did not show up for trial or pay the judgment to [her]. He did not provide proof of insurance, (to pay the $6,353.75 in provider bills on the suit), for a federal program, of which he was contracted with." (Compl. ¶ 4(b).) Plaintiff further alleges the following: "Breach of contract with plaintiff. Willfully refused responsibility for [her] injuries and payment. These acts were maliciously, intentionally committed." (Id.) Plaintiff also alleges that Cathy Morgan "denied [her] ILA access to data, case law and plus statutes that don't challenge a condition of my confinement, stopping my lawsuit, and compensation from my judgment to be collect. Willfully delayed ILA access." (Id. at ¶ 4(c).) With regard to the Department of Corrections, Plaintiff alleges that "they hired defendants C. Morgan, V. Arthur and W. Hauck to administer the program in compliance with the federal and state law, the N.J. Administrative Code governed by the Administrative Procedures Act. Did not supervise or enforce policy to specifications of legislature." (Id. at ¶ 4(d).) Plaintiff alleges that Defendants Arthur and Hauck "denied timely ILA services, fail[ed] to supervise C. Morgan, fail[ed] to enforce 10A, denied ILA services on detention status. Acts were retaliatory to prevent [Plaintiff] from ordering commissary items." (Id. at ¶4(e).) Plaintiff further alleges that the Plainfield Housing Authority "violated HUD Act, no insurance on property…Breach of HUD contract. Withholding payment for judgment from plaintiff." (Id. at ¶ 4(g).)

In the Statement of Facts section of the Complaint, Plaintiff alleges the following:

1. Trial court denied my right to trial by jury and did not award me full compensation, discovery and punitive damages. Provider bills are still outstanding. 2. Plfd. Housing Authority and Eric Bennett did not provide proof of insurance to submit the provider bills totalling [sic] $6,353.75 for payment and

> avoidance. 3. Plfd. Housing Authority and Eric Bennett breach the HUD contract with plaintiff and violated HUD Act. 4. NJDOC, Cathy Morgan, Valerie Arthur and William Hauck denied [her] ILA services, courts access, supplies to prepare timely and meaningful preparation for [her] lawsuits and directly prevented plaintiff from collecting [her] $21, 353.75 judgment and the $260.00 cost of suit from Eric Bennett. 5. They caused the judgment to be received delayed, denied [her] forms, copy and mail service and made [her] motion for reconsideration late and denied by lower court and caused [her] injury of no compensation and [her] indigency status to continue in prison. [Plaintiff] is destitute and in debt to prison due to these denials.

(*Id.* at ¶ 6.) Plaintiff is seeking "1. certificate of appealability and hearing for relief 2. Injunctive relief order and discovery from Bennett 3. Order for compensation and garnishment of income and federal and state taxes 4. Name of insurance provider and order for bills to be covered by Plainfield Housing Authority 5. State pay due to [her] handicapped status and arrears 6. Punitive and nominal damages and compensation from defendants." (*Id.* at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, the Court notes that Plaintiff's claims are not clear. Though she provides a substantial amount of information, most of the statements are conclusory, with no context, and it is unclear how the information is relevant. More specifically, the Court is unclear as to the claims Plaintiff intended to raise against Defendants Bennett and the Plainfield Housing Authority. As stated above, in order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege the violation of a constitutional right by a person acting under the color of state law. Even if the Court were to assume that Defendant Bennett and the Plainfield Housing Authority were acting under the color of state law, the Court is unable to discern how those defendants violated Plaintiff's constitutional rights. As such, those defendants will be dismissed.

With regard to Defendants Morgan, Hauck and Arthur, it appears that Plaintiff is alleging a violation of her right of access to the courts. The right of access to the courts derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[2] The right of access to the courts requires that "adequate, effective, and meaningful" access be provided to inmates wishing to challenge their criminal charge, conviction,

---

[2] The right of access to the courts is an aspect of the First Amendment right to petition. *McDonald v. Smith*, 472 U.S. 479, 482, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985); *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). Also, A[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.@ *Procunier v. Martinez*, 416 U.S. 396, 419, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401, 413B14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." *Id.* at 825.

*Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." But the right of access to the courts is not unlimited. "The tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Moreover, a prisoner alleging a violation of the right of access must show that officials caused previous or imminent "actual injury" by hindering efforts to pursue such a claim or defense. *See Lewis*, 518 U.S. at 348-51, 354-55; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." *Lewis*, 518 U.S. at 351.

Based on the facts alleged in the complaint, it appears that Plaintiff was trying to collect a judgment awarded to her in state court against Defendant Bennett and the Plainfield Housing Authority. (Comp. ¶ 6.) It further appears that Defendants Morgan, Hauck and Arthur denied Plaintiff the law library access she needed in order to seek to enforce that judgment. However, as

6

stated above, " [t]he tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Here, Plaintiff was clearly not attempting to challenge her sentence or conditions of her confinement. Accordingly, Plaintiff's denial of access to the courts claim will be dismissed.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint within 30 days.[3]  An appropriate order follows.

Dated: 10/21/14

_____
Peter G. Sheridan, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*