*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | : |
| Plaintiff, | : Civil Action No. 13-6674 (PGS) |
| v. | : OPINION |
| ERIC BENNETT, et al., | : |
| Defendants. | : |

**SHERIDAN**, District Judge:

This is a civil action filed by Plaintiff Golda Harris ("Plaintiff") pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint on October 21, 2014 for failure to state a claim. (ECF Nos. 7, 8.) Plaintiff thereafter filed an Amended Complaint (ECF No. 10.) The Court must now review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Amended Complaint will be dismissed without prejudice in its entirety.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Eric Bennett, Plaintiff's former landlord; the Plainfield Housing Authority; the New Jersey Department of Corrections – Division of Operations; Valerie Arthur; Cathy Morgan; and William Hauck. The following factual allegations are taken from the Amended Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's

2

allegations.[1]

Plaintiff alleges that Defendant Bennett, her prior landlord, violated the "HAP contract" between Plaintiff, Plainfield Housing Authority and himself, by taking various actions while she was living in his apartment building. (Am. Compl. ¶ 5(a).) Plaintiff alleges that this is a violation of federal regulations and the Federal Housing and Urban Development Act of 1937. (*Id.*) Plaintiff specifically states that she is not raising a § 1983 claim against Defendant Bennett or the Plainfield Housing Authority. (*Id.*)

Against New Jersey Department of Corrections, Plaintiff alleges that this defendant "failed to higher [sic] qualified staff, and train and supervise its staff and prison officials in the rules and/or regulations to prevent violations listed in the complaint."[2] (*Id.* at ¶5(b).) Plaintiff also identifies many occasions where Defendants Valerie Arthur, Cathy Morgan and William Hauck denied him copies, legal documents and access to the prison's paralegals. (*Id.*) Plaintiff is seeking an injunction to return her cane; removal from administrative segregation; an injunction to provide her with paralegal assistance three times per week; back pay for her time spent in administrative segregation; an injunction requiring Plainfield Housing Authority to pay provider bills; and

---

[1] The Court notes that Plaintiff's Amended Complaint, and accompanying 210 pages of exhibits, contain many facts, written in a stream-of-consciousness manner, many of which are conclusory and seemingly unrelated to the crux of Plaintiff's claims. The Court identifies and addresses Plaintiff's claims to the best of its ability. The Court also notes that Plaintiff's conditions-of-confinement and denial of medical care allegations are essentially a re-statement of the claims already alleged in Civil Action No. 13-3806 and 14-3869, respectively, and therefore will not be discussed in this case.

[2] The New Jersey Department of Corrections is not a "person" under § 1983. *See Ewing v. Cumberland Cnty.*, No. 09–5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12–5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (state department of corrections and state prison facilities are not "persons" under § 1983). Therefore, the Department of Corrections will be dismissed from this action with prejudice.

3

monetary damages.  (*Id.* at ¶ 9.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Joinder**

This Amended Complaint contains unrelated allegations against disparate defendants that are not properly joined in a single complaint under Federal Rules of Civil Procedure 18 and 20. A district court may raise the issue of improper joinder *sua sponte*. *See Chen v. Shan Qiao Zhang*, Civil No. 10–6255, 2011 WL 612727, at *2 (E.D.Pa. Feb. 10, 2011) (citing FED. R. CIV. P. 21;

5

*Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 804 (3d Cir. 1994); *Braverman v. Kaskey, P.C. v. Toidze*, Civil No. 09-3470, 2010 WL 4452390, at *2 (E.D.Pa. Nov. 4, 2010)).

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case like this one, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a)(2) states:

> Persons ... may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
>
> (B) Any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). *See also McDaniel v. Lanigan*, Civil No. 12-3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, Civil No. 12-2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). But this application, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George*, 507 F.3d 605; *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).

"Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.). Then, and only then,

6

"Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions." *Id.* In case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately." *DirecTV Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (quoting FED. R. Civ. P. 21).

Here, Plaintiff clearly states two completely separate and distinct claims against two sets of separate and distinct sets of defendants: (1) claims against Eric Bennett and the Plainfield Housing Authority regarding Plaintiff's previous apartment; and (2) claims against the Department of Corrections defendants regarding Plaintiff's right to access the courts.[4] It is clear that there is no right to relief asserted against these two sets of defendants arising out of the same transaction or occurrences and no question of law or fact common to all defendants will arise in this action. As a result, the Court will sever the two sets of claims. Because this case has been identified as one pursuant to § 1983, the Court will consider Plaintiff's access to the courts claim in this action. The Court will instruct the Clerk to open a new civil action where Plaintiff may file an amended complaint alleging only the claims against Defendants Bennett and the Plainfield Housing

---

[4] Plaintiff also generally alludes to Defendants failing to respond to grievances. However, it is well established that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights." *Wilson v. Horn,* 971 F.Supp. 943, 947 (E.D.Pa. 1997). Moreover, a failure to respond to an inmate's grievances "does not violate his rights to due process and is not actionable." *Stringer v. Bureau of Prisons,* 145 F. App'x 751, 753 (3d Cir. 2005) (citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 ((7th Cir. 1996)).

Authority.

## 2. Access to the Courts

The First and Fourteenth Amendments guarantee inmates a right of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)). The Supreme Court has repeatedly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis*, 518 U.S. at 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (internal quotations omitted)). This right however, is not unlimited. "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Additionally, an inmate must show that the lack of meaningful access to the courts caused him past or imminent "actual injury". *See Lewis*, 518 U.S. at 350–52; *Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir. 1997). To do this, he must identify an "arguable," "nonfrivolous" underlying cause of action, either anticipated or lost, and show that the prison's deficient program frustrated his efforts to litigate that action. *Lewis*, at 351–53; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To satisfy the "actual injury" requirement,

> [An inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint.

8

*Lewis*, 518 U.S. at 351.

On February 21, 2013, Plaintiff alleges that she was denied "pens, paper and envelopes" which led to her inability to file a reply brief and then a dismissal of state court case no. UNN-L-3960-10. (Am. Compl. ¶ 5.12.) However, Plaintiff does not provide any information as to the nature of that case and it is unclear whether she was attempting to attack her sentence or challenging a condition of her confinement, which are the only types of cases for which *Bounds* requires access to the courts. Moreover, the Court notes that according to the exhibits filed with the Amended Complaint, Plaintiff filed a grievance on February 21, 2013, indicating that she did in fact have a writing implement and paper. (Am. Compl. 23, ECF No. 10-1.) Plaintiff's claim for this incident is dismissed without prejudice.

On February 25, 2013, Plaintiff alleges that she was denied "large envelopes" to mail out reply briefs in Civil Action No. 11-1321 (PGS) and state court case no. UNN-L-3960-10, resulting in both actions being dismissed. (Am. Compl. ¶ 5.12.) However, it is unclear how the denial of "large envelopes" would have affected Plaintiff's ability to access the courts. Presumably, Plaintiff could have submitted her reply briefs in a regular size envelope or otherwise contacted the court with a letter in a regular size envelope to seek an extension of time to file her briefs. Further, as stated above, Plaintiff does not provide any information as to the nature of state court case no. UNN-L-3960-10 and it is unclear whether she was attempting to attack her sentence or challenging a condition of her confinement. For these reasons, Plaintiff's access to the courts claim based on this incident is dismissed without prejudice.

Plaintiff alleges that on March 21, 2013, she was denied paralegal assistance by C. Morgan. (Am. Compl. ¶ 5.15.) Based on the grievances provided in her exhibits, it appears that Plaintiff

...

was seeking paralegal assistance related to a state court case she filed against the Plainfield Housing Authority and Bank of America. (Am. Compl., Ex. F.) However, neither of those parties would be defendants in a case where Plaintiff is challenging her criminal conviction or conditions of confinement. *Lewis*, 518 U.S. at 355. Therefore, this claim is dismissed without prejudice.

Plaintiff alleges that C. Morgan denied "internet research for legal reference material not in the prison library" on June 28, 2013. (Am. Compl. ¶ 5.15.) However, Plaintiff does not provide any information as to the nature of the case for which she sought internet access and it is unclear whether she was attempting to attack her sentence or challenging a condition of her confinement. Moreover, she does not allege any "actual injury" which occurred as a result of her denial of internet access. Plaintiff's claim for this incident is dismissed without prejudice.

Plaintiff alleges that on July 26, 2013, she was denied copy services by C. Morgan. (Am. Compl. ¶ 5.16.) However, she does not state with any specificity exactly which cases were affected and whether those cases are attacking her sentence or challenging a condition of her confinement. Finally, she fails to allege any "actual injury." Plaintiff's access to the courts claim based on this incident is dismissed without prejudice.

On August 15, 2013, Plaintiff alleges that she was denied a request for her account statement, which resulted in "delay" and "dismissals of the circuit and appellate court appeals." (Am. Compl. ¶ 5.16.) Specifically, Plaintiff alleges that in state case number A-1704-13, her case was delayed due to Defendants' refusal to provide an account statement. (Am. Compl. ¶ 5.18.) She also alleges that Civil Action No. 13-3879 (CCC) was delayed due to an insufficient account statement. However, she fails to allege any "actual injury" since it appears that the cases which were "dismissed" were ultimately reinstated, or were only delayed, not dismissed. *See Harris v. Bennett*, Civil Action No. 13-3879 (CCC). Plaintiff's access to the courts claim based on this

incident is dismissed without prejudice.

On August 21, 2013, Plaintiff alleges that she was denied access to paralegals while she was on detention status. (Am. Compl. ¶ 5.17.) Again, Plaintiff does not state with any specificity exactly which cases were affected and whether those cases are attacking her sentence or challenging a condition of her confinement. Further, she also fails to allege any "actual injury." Plaintiff's access to the courts claim based on this incident is dismissed without prejudice.

On February 11, 2014, Plaintiff alleges that she was denied copies service for a brief which she filed with the Third Circuit, so she was unable to serve opposing counsel. (Am. Compl. ¶ 5.19.) Plaintiff filed her only copy with the Third Circuit. Here, Plaintiff has failed to allege any "actual injury." The Court of Appeals received the brief and Plaintiff does not allege that the appeal was dismissed for failure to provide service on defendants. This claim will be dismissed without prejudice.

On February 11, 2014, Plaintiff alleges that she was only receiving one visit per week for law library services. (Am. Compl. ¶ 5.20.) However, she again does not state with any specificity exactly which cases were affected and whether those cases are attacking her sentence or challenging a condition of her confinement. Further, she also fails to allege any "actual injury." Plaintiff's access to the courts claim based on this incident is dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will sever the two sets of claims contained in the Amended Complaint into two separate actions. Because this case has been identified as one pursuant to § 1983, the Court considers Plaintiff's access to the courts claim in this action. The Court will instruct the Clerk to open a new civil action where Plaintiff may file an amended complaint alleging only the claims against Defendants Bennett and the Plainfield Housing

11

Authority.

With regard to the access to the courts claims, the Amended Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[5] The Court notes that Plaintiff should address only her access to the courts claims in any second amended complaint filed in this action. An appropriate order follows.

Dated:

_____  6/10/15
Peter G. Sheridan, U.S.D.J.

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*